UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN G. JOHNSON,

  Plaintiff,

  v.

PRESIDENT GEORGE W. BUSH *et al.*,

  Defendants.

Case No. C05-5751RBL

ORDER TO AMEND THE COMPLAINT

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been granted *in forma pauperis* status. (Dkt. # 7). The original complaint in this action named twelve defendants and challenged plaintiffs current incarceration. The complaint was four pages long. On January 12th, 2006 an amended complaint that is fifty pages long was filed. This complaint is convoluted to the point the court cannot determine how many persons plaintiff is naming as defendants or what causes of action plaintiff alleges against which defendants. It is clear that plaintiff seeks release from confinement as part of the action. (Dkt. # 8-2 page 7 of 24). The pleading does not conform to Fed. R. Civ. P. 8 (a) and (e)(1). A complaint must be a short plain statement concerning the courts jurisdiction, a short plain statement of the claim, and a demand for relief. The document submitted by plaintiff does not comply with the federal rule and will not be accepted.

Plaintiff is directed to file a second amended complaint that complies with the federal rules of civil procedure. Plaintiff will have until **February 27th, 2006** to file the second amended compliant.

ORDER

As plaintiff appears to be challenging his current confinement the plaintiff is informed that when a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 2374. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997)).

Failure to file a proper amended complaint that complies with the federal rules of civil procedure will result in a Report and Recommendation that this action be dismissed for failure to state a claim.

The clerk is directed to file send plaintiff a copy of this order and a civil rights form and note the **February 27th, 2006** date on the court's calendar.

DATED this 23rd day of January, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER